# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| APG HOUSING, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. ELH-15-3720 |
| LINFORD MOORE | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned for review of plaintiff's Motion for Default Judgment and to make recommendations concerning damages, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302. (ECF No. 7.) Currently pending is plaintiff's Motion for Default Judgment ("Motion"). (ECF No. 6.) Defendant has not filed any response. No hearing is deemed necessary. Loc. R. 105.6. This court properly exercises subject matter jurisdiction over the instant case on the basis of 28 U.S.C. § 1331, as Aberdeen Proving Ground is a federal enclave under exclusive federal jurisdiction.[1] For the reasons discussed herein, I respectfully recommend that plaintiff's Motion (ECF No. 6) be GRANTED and that relief be awarded as set forth herein.

---

[1] "A federal enclave is an area over which the federal government has assumed exclusive legislative jurisdiction through the application of Art. I, Section 8 of the U.S. Constitution." Jones v. John Crane-Houdaille, Inc., CCB-11-2374, 2012 WL 1197391, at *1 (D. Md. Apr. 6, 2012). Where the federal government has exclusive jurisdiction over the territory, federal courts may exercise jurisdiction over cases arising there pursuant to 28 U.S.C. § 1331. Id. In United States v. Holmes, 414 F. Supp. 831, 843 (D. Md. 1976), this court reviewed the history of ownership and control of Aberdeen Proving Ground and concluded that the United States had exclusive jurisdiction over the site.

## I.     STANDARD FOR ENTRY OF DEFAULT JUDGMENT

In reviewing a motion for default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability.  Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001).  It remains for the Court, however, to determine whether these unchallenged factual allegations constitute a legitimate cause of action.  Id.  If the Court determines that liability is established, the Court must then determine the appropriate amount of damages.  Id.  The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.  See, e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154-155 (2d Cir. 1999).  The Court may make a determination of damages without a hearing, so long as there is adequate evidence in the record, such as detailed affidavits or documentary evidence, for the award.  See, e.g., Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).

## II.    DISCUSSION

### A. Procedural Background

Plaintiff filed its Complaint on December 4, 2015 (ECF No. 1), and defendant was served with process on January 7, 2016.  (ECF No. 4.)  On January 29, plaintiff moved for an entry of default and filed the pending Motion for Default Judgment.  (ECF Nos. 5, 6.)  The Clerk of Court entered an Order of Default on February 9, 2016.  (ECF No. 7.)  Judge Hollander referred the case to me on February 10 to review the Motion for Default Judgment and to make recommendations concerning damages.  (ECF No. 8.)

### B. Factual Background

Plaintiff APG Housing, LLC is a Delaware limited liability company which operates family housing on Aberdeen Proving Ground, a federal military installation in Maryland. (ECF No. 1 at ¶ 1.) Defendant Linford Moore is a civilian[2] who occupies property known as 3831A Liberty Court, Aberdeen Proving Ground, Maryland 21005 ("the property"). (Id. at ¶ 2.) The parties entered into a lease agreement ("the lease") in May 2014. (Id.) Defendant has failed to pay rent owed under the lease. (Id. at ¶ 8.) Plaintiff seeks to obtain a judgment for rent owed to it and to evict defendant from the property. (Id. at ¶¶ 9, 13.)

### C. Defendant's Liability

To state a claim for breach of contract, "a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." Int'l Waste Indus. Corp. v. Cape Envtl. Mgmt., Inc., 988 F.Supp.2d 542, 550 (D. Md. 2013). I have reviewed plaintiff's Complaint (ECF No. 1) and Motion (ECF No. 6), and find that plaintiff has stated a legitimate cause of action based on defendant's breach of the lease contract. Accepting as true Plaintiff's well-pleaded factual allegations, I find that plaintiff has proven that: the parties entered into a lease agreement (ECF No. 1-2); defendant breached the lease by failing to pay rent (Affidavit of Allison Fenwick, ECF No. 6-2); and that plaintiff has the right to repossess the property pursuant to the lease (ECF No. 1-2 at ¶ 21). Thus, plaintiff has asserted factual allegations that constitute a legitimate cause of action against defendant for breach of contract, and entry of default judgment is proper.

---

[2] As Mr. Moore is a civilian—rather than a serviceperson—the Servicemembers' Civil Relief Act, 50 U.S.C. App. §§ 501, et seq., which imposes procedural limitations on the entry of default judgments and the execution of judgments, is inapplicable.

**D. Damages and Remedies**

As plaintiff has established defendant's liability, the undersigned now undertakes an independent determination of the damages and remedies to which plaintiff is entitled.

### 1. Monetary Damages

Plaintiff first seeks a judgment against defendant in the amount of $17,643.00. (ECF No. 6-2 at ¶ 4.)  In support of this claim, plaintiff has submitted the sworn affidavit of Allison Fenwick.  (Affidavit of Allison Fenwick, ECF No. 6-2.)  The amount sought includes the amount owed under the lease through December 10, 2015, attorney's fees, and service of process fees. (Id.)  As the lease agreement allows plaintiff to recover not only rent owed under the contract but also, "all administrative, professional and attorneys' fees and expenses, filing fees for litigation, and any other cost and expense (including but not limited to filing fees for sheriff or constable fees) incurred by Owner in enforcing the provisions of this agreement," plaintiff is contractually entitled to judgment for attorney's fees and service of process expenses in addition to the rent owed.  (ECF No. 1-2 at ¶ 20.)  Accordingly, I recommend that judgment in favor of plaintiff be entered in the amount of $17,643.00.

### 2. Eviction

Plaintiff also requests that defendant be evicted from the property and that plaintiff be restored with possession thereof.  To that end, plaintiff requests that the court issue a "Writ of Execution, Entry, and Restitution" consistent with Maryland Rule 2-647, which sets forth the state's procedure for awarding possession of real property.[3]  (ECF No. 6-1).  As plaintiff has the

---

[3] As discussed in footnote 4, the authority by which the court in this case may issue a Writ of Assistance derives from the All Writs Act, 28 U.S.C. § 1651(a).  Accordingly, the court is not bound by the state procedure for awarding possession of real property.  While Federal Rule of Civil Procedure 69 explicitly incorporates state procedure on execution of money judgments, the resort to state law is not required under Rule 70 for the purpose of enforcing orders for possession of property.  See Hamilton v. MacDonald, 503 F.2d 1138, 1148 (9th Cir. 1974) (distinguishing Rule 69, under which state law expressly applies, and Rule 70, which does not require conformity to state procedure in supplemental proceedings).  Notwithstanding, I note that the procedure recommended herein is

right to repossess the property pursuant to the lease agreement on account of defendant's breach of the lease (ECF No. 1-2 at ¶ 21), an order of eviction is proper. I therefore recommend that the court issue an order of eviction directing defendant and anyone else occupying the property to vacate the premises and to remove all personal property as soon as possible, but no later than thirty (30) days after a Notice of Eviction is posted in a conspicuous location on the property. To that end, I recommend that the court's order direct the United States Marshal to post a Notice of Eviction and a copy of the court's order in a conspicuous location on the property as soon as reasonably practicable. I have attached as **Exhibit 1** a proposed Order and an accompanying Notice of Eviction.

In the event that defendant (or any other occupant) does not comply with the court's Order to vacate the property within thirty (30) days of the Marshal's posting of the Notice of Eviction on the property, plaintiff may submit an application supported by a sworn affidavit advising the court that defendant has not complied with the Order to vacate the property. Upon a sufficient showing, I recommend that the court issue a Writ of Assistance directing the United States Marshal to evict defendant from the property.[4]  A proposed Writ of Assistance, with accompanying Notice and Instructions to the United States Marshal, is attached as **Exhibit 2**.

---

consistent with the Maryland Rule: the notice requirement, the time given to voluntarily surrender the property, and the involvement of law enforcement personnel in the event of forcible eviction makes this procedure at least as protective of defendant's rights as Rule 2-647.

[4] The court may issue Writs of Assistance pursuant to the All Writs Act, which expressly authorizes the court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Federal courts have relied upon this authority to order evictions. See United States v. Real Prop. & Premises Known as 63-39 Trimble Rd., Woodside, N.Y., 860 F. Supp. 72, 74 (E.D.N.Y. 1994). The issuance of such writs derives from the court's equitable powers to issue "supplemental or ancillary bills brought for the purpose of effectuating a decree of the same court." Hamilton v. Nakai, 453 F.2d 152, 157 (9th Cir. 1971) (citing Root v. Woolworth, 150 U.S. 401 (1893)). The proposed Writ of Assistance here is designed to enforce this court's Order to defendant to vacate the property.

While Rule 70(d) also authorizes the clerk of court to issue writs of assistance, Fed. R. Civ. P. 70 (d), the recommendation that plaintiff make a sufficient showing of the need for the Writ mandates judicial review of plaintiff's application. As noted above, it is within the court's powers under the All Writs Act to issue writs of assistance. Because the proposed Writ of Assistance will only be issued if defendant refuses to comply with the

### III.   <u>CONCLUSION</u>

For the foregoing reasons, I respectfully recommend that:

1.  The Court grant plaintiff's Motion for Entry of Default Judgment (ECF No. 6);

2.  The Court enter judgment in favor of plaintiff in the amount of $17,643.00;

3.  The Court issue the proposed Order, attached as **Exhibit 1**;

4.  If necessary, and upon application and a sufficient showing by plaintiff, the Court

    issue the Writ of Assistance and accompanying Notice and Instructions to the United

    States Marshal, attached as **Exhibit 2**.

I also direct the Clerk to mail a copy of this Report and Recommendation to defendant at

the address listed on plaintiff's Complaint.  (ECF No. 1.)

Any objections to this Report and Recommendation must be served and filed within

fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Date:   March 11, 2016                                    _____/s/_____

                                                         Beth P. Gesner
                                                         United States Magistrate Judge

---

court's Order to vacate the property, the procedure recommended herein is consistent with the remedial function of Fed. R. Civ. P. 70.  <u>See</u> Wright, Miller, Kane, <u>et al.</u>, 12 Fed. Prac. & Proc. Civ. § 3021 (2d ed.) (describing Rule 70 as a remedial statute designed to "give[] courts ample power to deal with parties who seek to thwart judgments by refusals to comply with orders to perform specific acts").  <u>See also</u> <u>Columbia Gas Transmission Corp. v. Mangione Enterprises of Turf Valley, L.P.</u>, 964 F. Supp. 199, 203 (D. Md. 1996).